**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gerard GALLANT, Defendant–Appellant.**

**No. 97–10111.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 1998.*

Decided Feb. 25, 1998.

34–4 and Fed. R.App. P. 34(a).

Sandra Gillies, Woodland, California, for defendant-appellant.

Nancy L. Simpson, Assistant United States Attorney, Sacramento, California, for plaintiff-appellee.

Before: CHOY, SCHROEDER and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Gerard Gallant was convicted of conspiracy to effect a prisoner's escape in violation of 18 U.S.C. § 371 and 751(a); of aiding and abetting the escape in violation of 18 U.S.C. § 2 and § 751(a); and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 30 years and 5 months in prison. He appeals the application of the United States Sentencing Guidelines § 2K2.1(c)(1), which resulted in enhancement of his sentence, and he appeals the denial of downward departure for the acceptance of responsibility.

We affirm the district court.

## FACTS

On May 11, 1993 Gallant went to the parking lot of the Glenn Dairy Building, 1700 Alhambra Boulevard, Sacramento, where he knew that Victor Carrafa, a federal prisoner, would be brought for an eye examination. Carrafa was delivered in a sheriff's van driven by Steven Fonbuena of the Sacramento County Sheriff's Department and went to his appointment. Carrying out his agreement with Carrafa, Gallant disabled the van by puncturing its right front tire. Fonbuena then returned Carrafa to the van and locked him in. He was confronted by Gallant holding a gun and ordered not to move. He attempted to dive behind the van and Gallant shot him in the face, disabling but not killing him. Gallant then took a gun from Fonbuena and moved to the back of the van where he attempted to shoot out the lock, using up all the bullets in his gun. He eventually used a tire iron to pry open the door permitting Carrafa to wiggle out. Gallant and Carrafa fled in Gallant's car.

Carrafa was captured two days later with Fonbuena's gun in his possession. Three days afterwards Gallant was arrested and admitted to a detective his part in the planning for the escape and in the shooting. Gallant's own gun was not found.

## PROCEEDINGS

On May 28, 1993 Gallant was indicted. He filed a notice of intention to rely on an insanity defense. The district court ordered competency examinations of him, and he was found competent to stand trial. He went on trial November 13, 1996 and on November 22 was found guilty of all charges. The district court denied his motion for downward departure and enhanced his sentence under § 2K2.1(c)(1).

Gallant appeals his sentence.

## ANALYSIS

U.S.S.G. Part K, "Offenses Involving Public Safety", includes § 2, "Firearms". § 2K2.1(c) is entitled "Cross Reference" and provides:

(1) If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply—

(A) § 2X1.1 (Attempts, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above; ...

It is this section that the district court applied, making a cross reference to the Guidelines § 2A2.1 for attempted murder.

On appeal, Gallant argues that Fonbuena's gun was not used in connection with his attempt to murder Fonbuena. But to the contrary, in his confession to the detective Gallant stated: "I know I emptied mine and I used the deputy's for—because I didn't want to reload right there. . . . And I used the deputy's for a back up."

The gun was not "merely present" in connection with the crime, see *United States v.*

*Myers,* 112 F.3d 406, 411 (9th Cir.1997). According to his own words, Gallant employed Fonbuena's gun to enable him to complete the commission of the attempted murder by having a loaded gun in his hands as he made his escape from the scene of the crime.

■ Gallant has argued this case as though the government had to show that the gun enhancing the sentence had travelled in interstate commerce, so that the government could not rely upon the obvious: that Gallant used his own gun to shoot Fonbuena. But there is no requirement that the instrumentality enhancing a sentence meet the jurisdictional requirement necessary for a federal prosecution. Gallant's use of his own gun also qualifies him for enhancement.

■ *Downward Departure.* Gallant argues that he was entitled to downward departure because he readily admitted his part in the crime and said that he was sorry for shooting Fonbuena. The district court carefully considered this argument and rejected it, holding that implicit in acceptance of responsibility is an admission of moral wrongdoing and that this moral element is satisfied by the expression of contrition and remorse. The district court accurately stated the law. *United States v. Vance,* 62 F.3d 1152, 1158 (9th Cir.1995). The district court also accurately found that Gallant did not show remorse or recognize any moral wrongdoing. He regretted getting caught and he regretted the way things had gone, but he said of his shooting of Fonbuena, "I had to do it," meaning that if he was going to carry out the planned escape he had to use his gun on the guard. His regret was not sufficient to constitute the acceptance of responsibility required by U.S.S.G. § 3E1.1(a).

*AFFIRMED.*