**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 29 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS W. FAGAN,

Defendant-Appellant.

No. 97-3306

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 97-CR-10048)

---

Timothy J. Henry, Assistant Federal Public Defender, (David J. Phillips, Federal
Public Defender, with him on the briefs), Federal Public Defender for the District
of Kansas, Wichita, Kansas, for Appellant.

Debra L. Barnett, Assistant United States Attorney, (Jackie N. Williams, United
States Attorney, with her on the brief), United States Attorneys Office, Wichita,
Kansas, for Appellee.

---

Before **PORFILIO, BRORBY,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

Appellant, Thomas W. Fagan, appeals the district court's denial of his motion for a downward departure. In his motion, Fagan argued he was entitled to a downward departure from the Sentencing Guidelines because of his sincere remorse. The district court ruled that it lacked discretion to consider remorse as a factor warranting a downward departure and denied the motion. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **REVERSE** and **REMAND**.

I.    BACKGROUND

In an indictment filed March 19, 1997, appellant, Thomas W. Fagan, was charged with three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Fagan was arrested several days later and eventually pleaded guilty to all three counts contained in the indictment. The Presentence Investigation Report (PSR) computed Fagan's total offense level at twenty-four and his criminal history category at I. This computation included a two level increase to the base offense level because the property of a financial institution was taken and an additional two level increase because the probation officer who prepared the PSR concluded that Fagan had made an express threat of death during one of the robberies. The computation also included a three level decrease to the base offense level because Fagan had accepted responsibility for the offenses. Fagan

objected to the two-level recommended enhancement for the expressed threat of death and the district court sustained his objection.

Prior to sentencing, Fagan filed a motion for a downward departure. Fagan argued that a combination of factors, including his exceptional remorse, supported a downward departure from the applicable sentencing guideline range. The district court denied Fagan's motion, specifically ruling that it did not have the discretion to consider remorse as a factor to support the downward departure.[1] The court stated: "I would rather make the finding that I don't have the discretion to make the departure . . . and hopefully then some definitive decision [will be made] by the circuit on whether, for example, remorse is a factor that can be taken into consideration . . . . So, in any event, I find that for the reasons stated that I do not have the discretion to grant the request of departure and it is denied."

The district court thus set Fagan's total offense level at twenty-two. This offense level carried a guideline range of forty-one to fifty-three months imprisonment. Fagan was sentenced to forty-one months imprisonment. Fagan appeals the district court's ruling that it did not have the discretion to consider remorse as a factor justifying a downward departure from the Sentencing Guidelines.

---

[1]The record contains evidence supporting Fagan's claim that his remorsefulness was extreme and the government conceded as much during the sentencing hearing.

## II.    DISCUSSION

### A.    *Appellate Jurisdiction*

It is well settled that an appellate court lacks jurisdiction to review a sentencing court's refusal to depart from the Sentencing Guidelines when the sentencing court was aware that it had the authority to depart but declined to exercise that authority and grant the departure.  *See United States v. Soto*, 918 F.2d 882, 883 (10th Cir. 1990).  An appellate court, however, does have jurisdiction to review a sentencing court's refusal to grant a downward departure when the refusal is based on the court's conclusion that it lacks discretion to make the departure.  *See United States v. Spedalieri*, 910 F.2d 707, 710 (10th Cir. 1990) ("We plainly have jurisdiction under 18 U.S.C. § 3742(e)(2) to review a district court's refusal to exercise discretion or its decision that it lacks discretion as a matter of law to depart downward.").  The unambiguous language used by the district court when it declined to grant Fagan's motion expresses the court's belief it was without discretion to depart downward on the basis of Fagan's remorse.  Because the district court in this case specifically held that it did not have the discretion to depart from the Sentencing Guidelines, its ruling is reviewable and this court has jurisdiction.  *See id.*

B.      *Standard of Review*

This court has previously reviewed a district court's ruling that it lacked discretion to depart from the Sentencing Guidelines *de novo. See*, *e.g.*, *United States v. Mendoza-Lopez*, 7 F.3d 1483, 1486 (10th Cir. 1993)*.* In a superseding decision, the Supreme Court has adopted a "unitary abuse of discretion standard" with respect to appellate review of departure decisions. *See Koon v. United States*, 518 U.S. 81, 98-102 (1996). The Supreme Court, however, also clarified that "whether a factor is a permissible basis for departure under any circumstances is a question of law and the court of appeals need not defer to the district court's resolution of the point." *Id*. at 100. Nevertheless, the Court concluded, that although "a departure decision, in an occasional case, may call for a legal determinations does not mean, as a consequence, that parts of the review must be labeled de novo while other parts are labeled an abuse of discretion." *Id.*

Accordingly, consistent with *Koon*, this court must review departure decisions under an abuse of discretion standard, but legal conclusions underlying those decisions are reviewed *de novo. See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."). "A

district court by definition abuses its discretion when it makes an error of law."
*Koon*, 518 U.S. at 100.

C.    *Permissible Departure Factors*

In response to the perception that sentencing courts meted out unjustifiably disparate sentences to similarly situated offenders, Congress passed the Sentencing Reform Act of 1984 and created the United States Sentencing Commission (the "Commission"). *See id*. at 92.  The Commission was charged with "developing a comprehensive set of sentencing guidelines." *Id*.  The Commission formulated a set of guidelines commonly known as the United States Sentencing Guidelines (the "Sentencing Guidelines")[2]. *See id*.   The sentencing court must now "impose on a defendant a sentence falling within the range of the applicable Guideline if the case is an ordinary one." *Id*.

Although a court no longer has unfettered discretion when sentencing an offender, it may depart from the applicable Sentencing Guideline range in certain circumstances. *See id*.  Sentencing courts are authorized "to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Commission." *Id*. at 94.  Thus, the sentencing court can depart from the Sentencing Guidelines if it finds the

---

[2]Fagan was sentenced under the 1997 edition of the United States Sentencing Commission's Guidelines Manual.  All references herein are to that edition.

presence of a factor that makes the case atypical. *Id.* Some factors, however, can never be used as a basis for a departure.[3] *See id.* at 93.

Unless specifically prohibited by the Sentencing Guidelines, any factor may be considered as a potential basis for departure. *See id.* at 109. "[A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor. If the answer to the question is no -- as it will be most of the time -- the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline." *Id.* Because remorse is not one of the factors specifically forbidden by the Sentencing Guidelines, it may be a permissible departure factor in certain circumstances. *See United States v. Jaroszenko*, 92 F.3d 486, 490-91 (7th Cir. 1996) (holding that a sentencing court has the discretion to consider remorse as a factor supporting a downward departure).

---

[3]"The forbidden factors are race, sex, national origin, creed, religion, and socioeconomic status, § 5H1.10; lack of guidance as a youth, § 5H1.12; drug or alcohol dependence, § 5H1.4; and economic duress, § 5K2.12." *United States v. Collins*, 122 F.3d 1297, 1301 n.3 (10th Cir. 1997).

D.    *Remorse as a Factor Meriting a Downward Departure*

Factors which may merit a departure are either encouraged, discouraged, or not mentioned in the Sentencing Guidelines.  *See id*. at 95-96.  The Supreme Court in *Koon* discussed the process by which the non-forbidden factors should be evaluated when making a departure decision:

> If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account.  If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.  If a factor is unmentioned in the Guidelines, the court must, after considering the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole," decide whether it is sufficient to take the case out of the Guideline's heartland.

*Koon*, 518 U.S. at 96 (citations omitted).

In this case, Fagan's base offense level was decreased by three levels because he accepted responsibility for his offenses[4].  The government argues that

---

[4]Section 3E1.1(a) of the Sentencing Guidelines allows for an offender's offense level to be decreased by two levels if "the defendant clearly demonstrates acceptance of responsibility for the offense."  *U.S. Sentencing Guidelines Manual* § 3E1.1(a) (1997).  If the defendant's base offense level was calculated at level sixteen or greater, § 3.E.1.1(b) of the Sentencing Guidelines authorizes the sentencing court to decrease the offense level by one additional level if the defendant has met the additional requirements set forth in § 3E1.1(b).  *See id*. § 3.E.1.1(b).

even if remorse is a permissible factor, Fagan is not entitled to an additional downward departure because remorse is an element of acceptance of responsibility. Several circuits have specifically held that a moral element is implicit in acceptance of responsibility and is satisfied by the defendant's expression of contrition and remorse. *See, e.g., United States v. Bonnano*, 146 F.3d 502, 513 (7th Cir. 1998) (affirming district court's decision not to grant a downward adjustment for acceptance of responsibility because defendant had not expressed remorse); *United States v. Gallant*, 136 F.3d 1246, 1248 (9th Cir.), *cert. denied*, 118 S.Ct. 2387 (1998) (same); *United States v. Dyce*, 91 F.3d 1462, 1469-70 (D.C. Cir. 1996) (holding that the Commission contemplated a moral element to acceptance of responsibility which is satisfied if the offender exhibits remorse); *United States v. Defeo*, 36 F.3d 272, 277 (2d Cir.1994) (holding that a sentencing court may deny the reduction for acceptance of responsibility when the offender's continued criminal conduct indicates "a lack of sincere remorse"); *United States v. Brewer*, 899 F.2d 503, 509 (6th Cir. 1990) (holding remorse is an element of acceptance of responsibility); *see also* Michael M. O'Hear, *Remorse, Cooperation, and "Acceptance of Responsibility": The Structure, Implementation, and Reform of Section 3E1.1 of the Federal Sentencing Guidelines*, 91 Nw. U.L. Rev. 1507, 1523-24 (1997).

The commentary to Section 3E1.1 of the Sentencing Guidelines also indicates the Commission intended remorse to be a component of acceptance of responsibility. *See U.S. Sentencing Guidelines Manual* § 3E1.1 cmt. 2 (1997) ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt *and* expresses remorse." (emphasis added)). This court has also intimated that remorse is a component of acceptance of responsibility. *See, e.g.*, *Spedlieri*, 910 F.2d at 712 (adumbrating that "contrition" is necessary to receive a downward departure for acceptance of responsibility).

We find the reasoning of these cases persuasive and hold that remorse is a factor taken into account by the Sentencing Guidelines under acceptance of responsibility. If a factor is already taken into account by the Sentencing Guidelines, it is a permissible factor for departure if it is present to some exceptional degree. *See United States v. Collins*, 122 F.3d 1297, 1303 (10th Cir. 1997); *cf. United States v. Carter*, 122 F.3d 469, 475-76 (7th Cir. 1997) (finding no error in district court's ruling that, although defendant's remorse had been recognized when his sentence was reduced for acceptance of responsibility, it could have departed further if it had found his remorse to be exceptional). Because remorse is not a prohibited factor, but a factor already considered in the

Sentencing Guidelines, a sentencing court may depart downward if it finds that remorse is present to an exceptional degree.

III.    CONCLUSION

The district court erred as a matter of law when it concluded that it did not have discretion to consider remorse as a permissible factor that may warrant a downward departure in Fagan's sentence.  Because a district court abuses it's discretion when it makes an error or law, this court holds that the district court abused its discretion when it failed to consider Fagan's remorse as a possible basis for a downward departure.  Accordingly, we **REVERSE** and **REMAND** to the district court for a determination, consistent with this opinion, as to whether the remorse exhibited by Fagan in this case warrants a downward departure from the Sentencing Guidelines.