**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

TOMMIE L. JOHNSON,

        Defendant-Appellant.

No. 99-3225
(D.C. No. 98-CR-10124-WEB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Tommie L. Johnson was convicted by a jury of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

At sentencing, the district court found him to be a career offender under USSG § 4B1.1 and determined a guideline range of 262 to 327 months' imprisonment. The district court sentenced him to 262 months. Johnson appeals.

Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has requested leave to withdraw because he believes the appeal to be frivolous. In his *Anders* brief, counsel raised three issues that he said Johnson asked him to raise: (1) there is insufficient evidence to support the conviction; (2) the trial court should have departed downward; and (3) the court erred in finding him a career offender. Johnson filed a response to the *Anders* brief requesting that the *Anders* brief be withdrawn and that his pro se brief be substituted. In his brief, Johnson challenges only the district court's classification of him as a career offender.

We have reviewed the record, and we agree that there is sufficient evidence to support the conviction. We also agree that there is no merit to the argument that the district court should have departed downward; we do not have jurisdiction to review a district court's discretionary decision not to depart. *See Untied States v. Fagan*, 162 F.3d 1280, 1282 (10th Cir. 1998).

With respect to Johnson's status as a career offender, § 4B1.1 provides in relevant part that to be determined to be a career offender, a defendant must have two prior felony convictions for either a crime of violence or a controlled

substance offense. He contends that the district court erred by not making any findings regarding which of his prior crimes qualified him as a career offender. He also apparently contends that he did not have two prior felonies because the presentence report expressly designated only one–for "felony theft"–as a felony. Because Johnson failed to raise this issue in the district court, we review only for plain error. *See United States v. Lindsay*, 184 F.3d 1138, 1142 (10th Cir.), *cert. denied*, 120 S. Ct. 438 (1999).

A "prior felony conviction" under § 4B1.1 is, inter alia, any prior adult conviction punishable by more than one year in prison regardless of whether the offense is specifically designated as a felony. *See* USSG § 4B1.2, comment. (n.1). The presentence report identified as past convictions three burglaries that qualify as felony convictions for crimes of violence because the sentences for each exceeded one year and they were burglaries of residences, *see* § 4B1.2(a). Additionally, in sentencing Johnson, the district court determined that the presentence report, which expressly stated that Johnson's residential burglaries were prior felony convictions under § 4B1.1, was accurate. The district court did not err in finding Johnson to be a career offender.

AFFIRMED.  Counsel's motion to withdraw is GRANTED.


Entered for the Court


Monroe G. McKay
Circuit Judge