**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HOLLIS HENRY SMITH, III,

    Defendant - Appellant.

No. 99-3043
(D.C. No. 97-CR-40065-GTV)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MCKAY** and **LUCERO**, Circuit Judges.

---

Hollis Henry Smith, III, appeals from the sentence imposed by the district court following his conviction for possession with intent to distribute cocaine in violation of 18 U.S.C. § 841. He argues that the district court improperly denied his motion for downward departure on the mistaken belief that pre-indictment delay was not a permissible ground for such a departure. Exercising jurisdiction pursuant to 28 U.S.C § 1291 and 18 U.S.C. § 3742, we affirm.

---

[*] At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On February 23, 1995, Smith was arrested on state narcotics trafficking charges. Following his arrest, state authorities initiated revocation of Smith's parole from an unrelated state incarceration. While his revocation proceeding was pending, Kansas dismissed the narcotics charges. Smith remained in state prison until November 27, 1996, at which time he was again paroled. On September 10, 1997, a federal grand jury returned an indictment against Smith, charging him with narcotics trafficking based on the same events underlying the previously dismissed state charges. Smith was returned to state custody pursuant to a state parole violation warrant on January 21, 1998, and a week later he was transferred into federal custody.

Smith pleaded guilty to one count of possession with intent to distribute. Prior to sentencing, he moved for a downward departure, arguing the government had delayed seeking his indictment and as a result of that delay he served twenty-one months of his state sentence that he otherwise would have served concurrently with his federal sentence.[1] The district court denied the motion and sentenced Smith to 151 months imprisonment.

An appellate court only has "jurisdiction to review a sentencing court's refusal to grant a downward departure when the refusal is based on the court's

---

[1] The figure of twenty-one months apparently represents the length of time between when he was taken into custody on the state charges in February 1995 and when he was released on parole in November 1996.

conclusion that it lacks discretion to make the departure." United States v. Fagan, 162 F.3d 1280, 1282 (10th Cir. 1998) (citing United States v. Spedalieri, 910 F.2d 707, 710 (10th Cir. 1990)). In order to meet his threshold burden of demonstrating that the district court wrongly believed it lacked discretion to depart downward on the basis of pre-indictment delay, Smith relies on the following statement made by the court at sentencing:

> Mr. Smith, 151 months is a very, very long sentence. I think it's probably unduly long. But I didn't write the guidelines or write the statute. If it was my – left to my own personal desires, I would prefer to grant your downward departure, but it is my view that the law does not permit me to do that.

(I R. Doc. 80 at 23-24 (emphasis added).)

Taken in isolation, this statement could be read to reflect the belief that pre-indictment delay is never a permissible grounds for departure. However, that statement must be read in the context of the entire sentencing proceeding. After hearing both the defense and the prosecution present their arguments for and against departure, the district court ruled on the motion:

> Well, I'm going to deny your motion for a downward departure because I believe that based on what [the Assistant United States Attorney] has said, that application note to Section 5G1.3 [of the United States Sentencing Guidelines], Application Note 6, would indicate is that this is a matter that was taken into consideration by the Sentencing Commission when it adopted the guidelines. And so a motion here which is under Section 5K2.0 of the Commission would require me to find that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the

guidelines that should result in the sentence different from that described.   <u>And I do not believe that there is a basis for making such a finding</u> .  So the motion is denied.

(I R. Doc. 80 at 19-20 (emphasis added).)  It is apparent from this discourse that the district court recognized pre-indictment delay is grounds for departure in the appropriate case; it simply held this was not such a case.

Moreover, the analysis of the district court comports with established law. The Supreme Court delineated how a sentencing court should analyze factors offered in support of a motion for downward departure in       <u>Koon v. United States</u>  , 518 U.S. 81, 95-96 (1996) (quotations and citations omitted):

> If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure.  If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account.  If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.  If a factor is unmentioned in the Guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guideline's heartland.

The district court concluded that the basis for departure urged by Smith is taken into account by the Guidelines.  As the government accurately represented to the court, if a defendant is on parole when he commits the offense of conviction, U.S.S.G § 5G1.3, comment. (n.6), requires the sentence imposed to run consecutively with the term imposed for violation of probation.  Thus, while

- 4 -

that Guideline does not mention pre-indictment delay, it specifically addresses any prejudice Smith suffered as a result of the delay by mandating the consecutive sentencing Smith speculates could have been avoided by a prompt indictment.[2] In any event, even if Smith is correct that the Guidelines do not take pre-indictment delay into consideration, the ultimate analysis is essentially the same: whether "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present," or, in other words, whether the factor "is sufficient to take the case out of the Guideline's heartland." Koon, 518 U.S. at 96. The district court found that no such exceptional circumstance is present in this case. It is precisely such a finding that is not subject to review on appeal.

---

[2] The Ninth Circuit's opinion in United States v. Martinez, 77 F.3d 332, 336 (9th Cir. 1996) is inapposite because it does not involve parole revocation. Moreover, we do not consider Smith's conclusory suggestion that he was prejudiced because the delay gave the government a tactical advantage. In his motion for downward departure he expressly conceded "that the federal government did not delay filing his case to gain a tactical advantage or to in any way intentionally prejudice this defendant." (I R. Doc. 71 at ¶ 6.) We will not entertain on appeal an argument in direct contradiction to an argument raised below. In addition, Smith offers no specific instance of how the delay imparted a tactical advantage to the government.

The judgment of the district court is **AFFIRMED** .

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge