**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sedric O'Neal WILLIAMS,
Defendant–Appellant.**

**No. 00–30074.**

**D.C. No. CR 99–00002–F–JKS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2001.*

Decided April 4, 2001.

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

### MEMORANDUM **

■ Defendant Sedric O'Neal Williams appeals the district court's denial of his pretrial motion to suppress evidence. Following his conviction and sentence for possessing cocaine base with intent to distribute, carrying a firearm in connection with that offense, and theft of a firearm (an offense not related to the issues on appeal), Williams appealed. We review de novo denial of the motion to suppress, *United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000), and we reverse.

■ Police are not entitled, under the guise of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), to stop virtually any person who happens to be in the vicinity of a crime scene. Here, the officer stopped Williams purportedly because he was within a block of a shooting. The officer did not, however, have a description of the shooting suspect other than a report that the suspect had fled from the scene on a bicycle. Williams was not fleeing on a bicycle-he was jogging.[1]

The officer's only other justification for stopping Williams was that, upon the officer's attempt to question him, Williams did not cooperate. Rather, he looked nervously back at the crime scene, started to back away from the officer, and did not respond

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although it was approximately 4:00 a.m. at the time, it was daylight in Fairbanks, Alaska.

to the officer's inquiries or commands. But Williams had no obligation to cooperate and no obligation to stay put. *See Florida v. Bostick,* 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) ("[A]n individual may decline an officer's request [to cooperate] without fearing prosecution."). And his mere refusal to do so does not give rise to reasonable suspicion. *See id.* ("We have consistently held that a refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure."); *United States v. Fuentes,* 105 F.3d 487, 490 (9th Cir.1997) ("Mere refusal to consent to a stop or search does not give rise to reasonable suspicion or probable cause. People do not have to voluntarily give up their privacy or freedom of movement, on pain of justifying forcible deprivation of those same liberties if they refuse.").

Because the officer did not have reasonable suspicion to stop Williams, the district court should have granted his motion to suppress. Therefore, we need not address whether the officer unlawfully searched Williams or the parties' remaining arguments.

REVERSED.

RYMER, Circuit Judge, dissenting.

RYMER, Circuit Judge.

I disagree that the police were not entitled to approach Williams and ask him "what's up." Two individuals had just been shot and Williams was jogging about a block, and in a direction away, from the scene of the shooting. Officer O'Malley observed him turning and looking back over his shoulder. When Williams saw the patrol car, he stopped jogging and started walking. Although light, it was 4:00 a.m. Williams acted nervous and refused to take his hands out of his pockets. Given that a shooting had just occurred and that Williams's behavior was evasive, O'Malley

could reasonably infer that Williams was leaving the scene and may be armed. Based on this, he could stop and frisk him.