**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Beth Ann WARD and Michael John
Ward, Defendants–Appellants.**

**Nos. 01–30203, 01–30204.
D.C. No. CR 99–00008–RHW.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.[*]

Decided Jan. 25, 2002.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

## MEMORANDUM [**]

In these consolidated appeals, Beth Ann Ward and Michael John Ward appeal their respective fifteen-month and eighteen-month sentences imposed following their jury trial conviction. The Wards were both convicted of one count of making a false oath in a bankruptcy proceeding and one count of making a false statement in a bankruptcy proceeding, in violation of 18 U.S.C. §§ 152(2) and (3). Michael Ward was also convicted of one count of making a fraudulent transfer of property in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(7). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

The Wards contend that the district court erred by denying them a three-level reduction in their offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Their contention is unpersuasive.

Whether a defendant has accepted responsibility is a factual determination reviewed for clear error, and the sentencing judge's evaluation is accorded great deference on review. *See United States v. Scrivener*, 189 F.3d 944, 947–48 (9th Cir. 1999). Such a reduction is warranted only if "the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a); *Scrivener*, 189 F.3d at 948. In rare situations, even a defendant who challenges his factual guilt at trial may

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

clearly demonstrate an acceptance of responsibility for his criminal conduct. § 3E1.1, cmt. n. 2; *see United States v. Mohrbacher,* 182 F.3d 1041, 1052 (9th Cir. 1999). However, the record shows that this is not one of those rare situations. *See United States v. Sotelo,* 109 F.3d 1446, 1449–50 (9th Cir.1997).

■ Throughout the district court proceedings, the Wards contested the mental state element of each offense for which they were found guilty. *See Mohrbacher,* 182 F.3d at 1052 (concluding that where the defendant refused to admit to the intent element of the offense, the district court was justified in denying a reduction for acceptance of responsibility). The Wards also attempted to minimize their role in the offenses by blaming the "emotional" events occurring in their lives for their purported "inattentiveness" and "mistakes" in disclosing their assets. *See Scrivener,* 189 F.3d at 948 (stating that a defendant's attempt to minimize his involvement is inconsistent with acceptance of responsibility). Furthermore, at sentencing the Wards exhibited minimal, if any, expression of contrition and remorse. *See United States v. Gallant,* 136 F.3d 1246, 1248 (9th Cir.1998) (stating that regret for getting caught and being found guilty is insufficient to constitute acceptance of responsibility).

Accordingly, the district court did not err by denying the Wards' request for a reduction in their offense level for acceptance of responsibility. *See Scrivener,* 189 F.3d at 948.

AFFIRMED.