**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Calvin REEVIS, Defendant–Appellant.**

No. 01–30119.
D.C. No. CR–00–00065–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

David Calvin Reevis appeals his 105–month sentence imposed following his jury-trial conviction for voluntary manslaughter, in violation of 18 U.S.C. § 1112. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Reevis contends that his sentence must be reversed because the district court erroneously denied him a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). We review for clear error the district court's decision whether to grant or deny such an adjustment.[1] *See United States v. Fisher,* 137 F.3d 1158, 1167 (9th Cir.1998). Based on our review of the record, we cannot say that the district court clearly erred by finding that Reevis, while admitting to causing the victim's death, had not acknowledged his criminal culpability for his actions. *See United States v. Gallant,* 136 F.3d 1246, 1248 (9th Cir.1998) (affirming denial of acceptance of responsibility adjustment where appellant had expressed regret but maintained that his actions were necessary); *United States v. Doe,* 155 F.3d 1070, 1074 (9th Cir.1998) (en banc) ("We accept the lower court's findings of fact unless upon review we are left with the definite and firm conviction that a mistake has been committed.").

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We reject, as unsupported, Reevis' contention that a de novo standard of review is applicable on the facts of this case. *See United States v. Gonzalez,* 897 F.2d 1018, 1019 (9th Cir.1990) (concluding that the Sentencing Guidelines and 18 U.S.C. § 3742(e) mandate that appellate court apply a clearly

---

erroneous standard when reviewing denial of acceptance of responsibility adjustment).

