**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sedric O'Neil WILLIAMS, Defendant–Appellant.**

**No. 02–30034.**

**D.C. No. CR–99–00002–JKS.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, to the extent the government has requested oral argument, that request is denied.

**MEMORANDUM ***

Sedric O'Neil Williams appeals the district court's imposition of an 87–month sentence of imprisonment for theft of a firearm, in violation of 18 U.S.C. § 924(*l*). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

We previously reversed the district court's denial of Williams' pretrial motion to suppress evidence, which resulted in the reversal of all but Williams' conviction for theft of a firearm, and required a new sentencing hearing on that remaining count. *See United States v. Williams*, No. 00–30074, 2001 WL 337857, 11 Fed.Appx. 842 (9th Cir. Apr.4, 2001) (unpublished memorandum disposition). Williams contends in this appeal that the district court erred at re-sentencing by adjusting his base offense level upwards, pursuant to U.S.S.G. § 2K2.1(c)(1), cross-referencing § 2X1.1 and § 2D1.1.

Because the district court was entitled to consider relevant conduct in connection with both acquitted offenses and illegally seized evidence, including evidence of drug trafficking, *see United States v. Watts*, 519 U.S. 148, 154, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (concluding that "a sentencing court may consider conduct of which a defendant has been acquitted") *and United States v. McIver*, 186 F.3d 1119, 1132 (9th Cir.1999) (concluding that a sentencing court may generally consider as relevant conduct evidence suppressed at trial), we conclude that the district court did not err by applying § 2K2.1(c)(1). *See United States v. Gallant*, 136 F.3d 1246, 1248 (9th Cir.1998) (affirming application of § 2K2.1(c)(1) where defendant used stolen

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

firearm as backup when fleeing crime scene).

**AFFIRMED.**