**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

JUAN ANTONIO ARRIETA-DURAN,
also known as Sergio Lopez,

 Defendant - Appellant.

No. 02-6131
D.C. No. CR-01-105-L
(W.D. Oklahoma)

**ORDER AND JUDGMENT***

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant, Juan Antonio Arrieta-Duran is a non-citizen who was deported

in 2000 after his felony conviction for attempted robbery. On November 29,

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2001, Duran pleaded guilty to one count of illegally re-entering the United States in violation of 8 U.S.C. § 1326(a). A presentence investigation report was prepared and, prior to sentencing, Duran filed a motion requesting a downward departure from the sentencing guidelines range. The district court denied the motion and sentenced Duran to the low end of the guidelines range. Duran then brought this appeal.

The only issue raised by Duran on appeal is whether the district court erred by failing to grant him a downward departure. "It is well settled that an appellate court lacks jurisdiction to review a sentencing court's refusal to depart from the Sentencing Guidelines when the sentencing court was aware that it had the authority to depart but declined to exercise that authority and grant the departure." *United States v. Fagan*, 162 F.3d 1280, 1282 (10th Cir. 1998). Duran, however, argues that the district court refused to grant the downward departure because it believed it had no discretion to depart on the grounds he advanced. Under those circumstances, this court does have jurisdiction to review the district court's legal conclusion "that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998). However, the "district court's statement that it lacks authority to

grant the requested downward departure must be unambiguous." *United States v. Browning* , 252 F.3d 1153, 1161 (10th Cir. 2001).

We reject Duran's argument. At the sentencing hearing, the district court did not make an unambiguous legal determination that it lacked discretion to grant the downward departure requested by Duran. To the contrary, the court considered Duran's arguments but concluded that the factors upon which the motion for downward departure was based "were factors obviously taken into consideration by the Sentencing Commission when they determined the guidelines." The court further stated, "the Court denies the request for downward departure, as I feel it does not fall out of the heartland of cases." It is clear that the district court's refusal to grant Duran a downward departure was based on its belief that it had the discretionary authority to grant the departure but that the circumstances asserted by Duran did not justify the departure. Accordingly, this court lacks jurisdiction to review the district court's denial of Duran's departure motion and this appeal is **dismissed** .

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-