**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Guadalupe Cervantes SOTO,**
**Defendant–Appellant.**

**No. 89–2254.**

United States Court of Appeals,
Tenth Circuit.

Nov. 8, 1990.

Tova Indritz, Federal Public Defender, and Peter Schoenburg, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and Presiliano Torrez, Asst. U.S. Atty., for plaintiff-appellee.

Before TACHA and BALDOCK, Circuit Judges, and CHRISTENSEN, District Judge.[*]

TACHA, Circuit Judge.

Defendant-appellant, Guadalupe Cervantes Soto (Soto), pleaded guilty to possession with intent to distribute less than five hundred grams of cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. Soto requested a downward departure from the sentencing guidelines based

---

[*] The Honorable A. Sherman Christensen, District Judge of the United States District Court for the district of Utah, sitting by designation.

on the possibility he might be subject to deportation under 8 U.S.C. § 1251 for his drug conviction because he is a resident alien. The district court decided not to depart downward from the guidelines and sentenced Soto to thirty-seven months followed by three years of supervised release.

■ Soto claims the district court abused its discretion and incorrectly applied the sentencing guidelines because it did not not take into account his possible deportation and depart downward from the guidelines. We dismiss for lack of jurisdiction.[1]

Soto contends this court has jurisdiction over his claim based on 18 U.S.C. § 3742(a). This statute states:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of the law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Soto argues this statute grants us jurisdiction to review the district court's refusal to depart downward both as an abuse of discretion and as an incorrect application of the sentencing guidelines. However, it is settled law in this circuit that section 3742 does not grant appellate jurisdiction over a trial court's discretionary refusal to depart downward from the guidelines.[2] *See, e.g., United States v. Davis,* 900 F.2d 1524, 1529–30 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *United States v. Richardson,* 901 F.2d 867, 870 (10th Cir.1990); *United States v. Lowden,* 905 F.2d 1448, 1449 (10th Cir.) (*Lowden II*), *cert. denied,* —— U.S. ——, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990); *United States v. Havens,* 910 F.2d 703, 706–07; (10th Cir.1990); *United States v. Spedalieri,* 910 F.2d 707, 710 (10th Cir.1990); *United States v. Westmoreland,* 911 F.2d 398, 398 (10th Cir.1990). As we first explained in *Davis,* Congress did not grant appellate jurisdiction for refusals to depart downward. 900 F.2d at 1529. Nor did Congress intend to grant jurisdiction over departure-related decisions that are "characterized as 'an incorrect application of the sentencing guidelines'" merely to get around the specific terms of the statute. *Id.*

Soto's claim differs from the situation we considered in *Lowden II.* There, the district court did not exercise its discretion

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The lack of appellate jurisdiction over a sentencing court's refusal to depart downward from the guidelines is also settled law in all the other circuits that have addressed the jurisdictional issue. *See, e.g., United States v. Ortez,* 902 F.2d 61, 63–64 (D.C.Cir.1990); *United States v. Tucker,* 892 F.2d 8, 11 (1st Cir.1989); *United States v. Colon,* 884 F.2d 1550, 1552 (2d Cir.), *cert. denied sub nom. Papathanasion v. United States,* —— U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *United States v. Denardi,* 892 F.2d 269, 271–72 (3d Cir.1989); *United States v. Bayerle,* 898 F.2d 28, 31 (4th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990); *United States v. Draper,* 888 F.2d 1100, 1105 (6th Cir.1989); *United States v. Franz,* 886 F.2d 973, 981 (7th Cir.1989); *United States v. Evidente,* 894 F.2d 1000, 1003–05 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990); *United States v. Morales,* 898 F.2d 99, 101–03 (9th Cir.1990); *United States v. Fossett,* 881 F.2d 976, 979–80 (11th Cir.1989). The only circuit that has not addressed this issue in terms of appellate jurisdiction, the Fifth Circuit, upholds a district court's refusal to depart unless the sentence is imposed in violation of section 3742. *E.g., United States v. Buenrostro,* 868 F.2d 135, 139 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

because it "thought itself powerless to depart" from the sentencing guidelines. 905 F.2d at 1449; *see also, e.g., Spedalieri*, 910 F.2d at 710–11 (defendant argued district court never exercised its discretion in considering evidence of diminished capacity because jury verdict rejected insanity defense); *Davis*, 900 F.2d at 1530 n. 7 (dictum) (suggesting that the district court's incorrect conclusion that it lacked discretion to depart would be reviewable under section 3742). In *Lowden II* we explained we have jurisdiction when a district court erroneously believes the guidelines do not permit a downward departure. *Lowden II*, 905 F.2d at 1449; *see also United States v. Lowden*, 900 F.2d 213, 217 (10th Cir.1990) (*Lowden I*) (if district court believed it was powerless to depart, then appellate jurisdiction would be plenary). In such a case, the sentence imposed would be an incorrect application of the guidelines, reviewable under section 3742(a)(2). *Lowden II*, 905 F.2d at 1449. Here, in contrast, the district court clearly believed it could exercise its discretion to depart downward. It chose not to because the facts do not warrant a departure. Thus, because *Davis* and its progeny apply, we hold we do not have jurisdiction over Soto's claim.

■ The defendant further contends we have jurisdiction over this claim simply because his drug conviction might result in his deportation under 8 U.S.C. § 1251. According to this argument, the district court's refusal to depart downward constitutes an "extreme situation" in which a "minor drug conviction" could result in "banishment." If this were to happen, Soto argues, the sentence would violate the statutory purposes of the guidelines set forth in section 3553—punishment, deterrence, incapacitation, and rehabilitation—and therefore would be appealable under section 3742 as a sentence imposed in violation of law. The defendant cites no authority to support his theory. Rather, he clings to dictum in a *Davis* footnote, 900 F.2d at 1530 n. 6 (leaving open question whether discretionary refusal to depart downward can ever violate section 3553), and a view proposed in a dissenting opinion from another circuit. *United States v. Denardi*, 892 F.2d 269, 276 (3d Cir.1989) (Becker, J., dissenting) (postulating that application of some guideline to some defendant might violate statutory requirement that sentences be no greater than necessary to satisfy purposes of sentencing). Moreover, the defendant fails to address persuasive authority that clearly rejects his argument. *See United States v. Morales*, 898 F.2d 99, 101–03 (9th Cir.1990) (discretionary refusal to depart downward is *not* reviewable on appeal as a violation of the sentencing mandates of section 3553); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir.1990) (section 3742, when read with section 3553, does not convert unappealable exercise of discretion into an error of law "in some amorphous circumstances"; if Congress wants that result, it must say so), *cert. denied*, —— U.S. ——, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990).

■ We find no merit in the defendant's argument. The district court carefully followed the sentencing guidelines, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. We find the sentence in no way violates the law or the statutory purposes of the guidelines. Congress has authority to regulate the deportation of aliens, as it has done in 8 U.S.C. § 1251. *See, e.g., Galvan v. Press*, 347 U.S. 522, 530–32, 74 S.Ct. 737, 742–43, 98 L.Ed. 911 (1954) (formulation of deportation policies entrusted exclusively to Congress). Congress has delegated authority to make deportation decisions to the executive branch. 8 U.S.C. § 1251(a). The federal courts will not interfere with these decisions as long as due process requirements have been met. *LeTourneur v. INS*, 538 F.2d 1368, 1370 (9th Cir.1976), *cert. denied*, 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977); *see also Galvan*, 347 U.S. at 530–32, 74 S.Ct. at 742–43. Further, Congress has specifically stated the courts shall not recommend to the Attorney General that an alien convicted of a controlled substance offense not be deported. 8 U.S.C. § 1251(b). A sentencing court's downward departure for the purpose of avoiding possible deportation under section

1251 would be merely another way a district court might achieve what Congress has explicitly prohibited. Because Congress clearly reserved drug-related deportation decisions to the Attorney General, *see id.* § 1251(a)–(b), a sentencing court shall not consider the possible deportation of an alien resident for a drug conviction in deciding whether to depart downward from the sentencing guidelines.

We hold we lack jurisdiction to hear Soto's claim under 18 U.S.C. § 3742 as the review of either a refusal to depart downward or a section 3553 violation. We therefore DISMISS.