930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan M. ALDRETE, Defendant-Appellant.
 No. 90-3232.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1991.
 
 Before SEYMOUR, STEPHAN H. ANDERSON and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Defendant-appellant Juan Aldrete appeals a district court judgment sentencing him to ninety-three months' imprisonment following his guilty plea to distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and carrying a firearm in relation to this offense in violation of 18 U.S.C. Sec. 924(c)(1). On appeal, Aldrete argues the district court erred in determining the base level offense under the Sentencing Guidelines according to the amount of cocaine present before government testing destroyed part of it. He also argues the district court erred in not departing downward from the Guidelines based on his voluntary participation in an in-patient drug treatment program, his exceptional employment record, and letters of support from members of the community. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 2
 Aldrete contends the district court denied him due process by determining the base offense level from government measurements of the cocaine that could not be verified because they were made prior to the government's destruction some cocaine during testing. We accept a district court's findings regarding drug quantity unless clearly erroneous. United States v. Donaldson, 915 F.2d 612, 614 (10th Cir.1990). As we pointed out in Donaldson, the destruction of evidence may amount to a violation of due process. Id. Constitutional error exists when the destroyed evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). In cases where the evidence may be exculpatory when destruction occurs, a defendant bears the burden of showing bad faith on the part of the government in failing to preserve potentially useful evidence. Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Malbrough, 922 F.2d 458, 463 (8th Cir.1990); Donaldson, 915 F.2d at 614. The presence or absence of bad faith by the government must necessarily turn on the government's knowledge of the evidence's exculpatory value at the time it was destroyed. Youngblood, 488 U.S. at 366 n. **.
 
 
 3
 Here, the destroyed cocaine had exculpatory value in sentencing only to the extent that if it were combined with the remaining cocaine, then the total amount might have been less than 300 grams. The presentence report indicated the quantity of cocaine Aldrete had distributed was 300.58 grams, which results in a base level offense of 22. Aldrete argues the total amount also might have weighed less than 300 grams because the quantity left after testing weighed less than 300 grams, thereby resulting in a base offense level at 20. It is impossible to reweigh the total amount of cocaine as Aldrete requested because the government chemist who analyzed the cocaine had failed to weigh the quantity used and destroyed in testing.
 
 
 4
 Here, Aldrete did not offer evidence the chemist knew the destroyed cocaine had exculpatory value at the time of testing. Instead, Aldrete argues we should infer bad faith from the chemist's failure to weigh the drug quantity used in testing because the those actions seem contrary to standard operating procedures. We disagree. Aldrete presented no evidence at the sentencing hearing to show standard operating procedures require separate measurement of test samples. Further, he does not contend it was improper or contrary to standard operating procedures for the government to test drug purity--a procedure that necessarily involves some destruction of evidence. Based on the record, we conclude Aldrete has not met his burden of proof regarding bad faith. We hold the district court's finding regarding the quantity of cocaine from the pre-testing weight is not clearly erroneous.
 
 
 5
 Aldrete attempts to distinguish this case from the situation in Donaldson, where we noted the government offered no explanation why the evidence was destroyed. We find no merit in this argument. Regardless whether or how the government explains the destruction of evidence, the burden of proof regarding bad faith remains on the defendant.
 
 
 6
 Finally, Aldrete contends the district court should have departed downward from the Guidelines because of his voluntary participation in an in-patient drug treatment program, his exceptional employment record, and letters of support from members of his community. We do not have appellate jurisdiction under 18 U.S.C. Sec. 3742 to review a district court's decision not to depart downward from the Guidelines unless the court erroneously believes it lacks discretion to depart downward. United States v. Soto, 918 F.2d 882, 883-84 (10th Cir.1990).
 
 
 7
 Here, the district court understood the discretion to depart downward from the Guidelines. Acknowledging it had "no leeway" in sentencing Aldrete to five additional years under section 924(c)(1), the court turned to sentencing for the cocaine offense. The court stated: "[F]or a downward departure it takes something unusual. And the Court just doesn't find anything.... [T]here's nothing unusual in this case." From these statements, we are convinced the district court understood it has discretion to depart downward when there are mitigating circumstances not adequately taken into account by the Guidelines but decided there are no circumstances here warranting a departure. Therefore, we do not have appellate jurisdiction to review the court's discretionary decision not to depart downward. We AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3