936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Dominic ABEITA, Defendant-Appellant.
 No. 90-2234.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Abeita entered a plea of guilty to one of four counts. As part of a plea agreement the remaining three counts were dismissed.
 
 
 3
 Prior to sentencing Mr. Abeita filed a "Motion for Downward Departure and Sentencing Memorandum." In this motion he argued his excellent employment record and his voluntary enrollment in a treatment program were circumstances not adequately addressed by the Sentencing Guidelines and warranted a downward departure. The district court was not persuaded and gave Mr. Abeita a sentence within the Guidelines range.
 
 
 4
 Mr. Abeita appeals the district court's refusal to depart downward in light of the extraordinary circumstances of this case and asserts we must review this failure to depart downward de novo.
 
 
 5
 The Government filed a Motion to Dismiss this appeal asserting we lack jurisdiction to review the district court's discretionary refusal to depart downward.
 
 
 6
 United States v. Soto, 918 F.2d 882, 885 (10th Cir.1990), is dispositive. The appeal in Soto was brought by the same office that brings this appeal--the Federal Public Defender for New Mexico. In Soto, we held the discretionary refusal to depart downward is not reviewable under 18 U.S.C. Sec. 3353.
 
 
 7
 In United States v. Davis, 900 F.2d 1524, 1529-30 (10th Cir.), cert. denied 111 S.Ct. 155 (1990), we held we had no jurisdiction to review refusals to depart downward under 18 U.S.C. Sec. 3742(a). Mr. Abeita basically ignores both Davis and Soto and argues that 28 U.S.C. Sec. 994 requires the Sentencing Commission to take into account all relevant circumstances, and if the Sentencing Commission fails to do so, it becomes the district court's duty under 18 U.S.C. Sec. 3553(a) to depart downward.
 
 
 8
 The record is factually clear. Mr. Abeita sexually abused his stepdaughter over a seven-year period from the time the victim was six years old until she was thirteen. This factual foundation establishes Congress's wisdom in denying us the jurisdiction to review the trial court's refusal to depart downward based upon Mr. Abeita's stable employment record and counseling. There exists no defendant who fails to possess some redeeming quality. Congress has given to the trial court the task of weighing these factors and Congress has correctly denied this power to the appellate courts.
 
 
 9
 The Government's Motion to Dismiss is GRANTED. This appeal is DISMISSED for lack of our jurisdiction to review the trial court's discretionary power to impose a sentence below that established by the Sentencing Guidelines.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3