989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Maria KOOPMANS, Defendant-Appellant.
 No. 92-7153.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 24, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-89-270-H)
 Maria Koopmans, Appellant Pro Se.
 James G. Warwick, Office of the United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Maria Koopmans appeals from the district court's order denying her motion for reduction of sentence. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* United States v. Koopmans, No. CA-89-270-H (D. Md. Oct. 22, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 This appeal was initiated by Koopmans' notice of appeal which was received outside the ten-day appeal period, Fed. R. App. P. 4(b), but was probably timely under Houston v. Lack, 487 U.S. 266 (1988). Because the issues raised are clearly without merit, we do not remand for a determination of timeliness
 Liberal construction of Koopmans' motion as if made pursuant to 28 U.S.C. § 2255 (1988), is similarly unavailing. See United States v. Pavlico, 961 F.2d 440, 443 (4th Cir.), cert. denied, 61 U.S.L.W. 3259 (U.S. 1992). By failing to contest her sentence on direct appeal, Koopmans waived relief on that basis. United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989). Moreover, the court lacked authority to depart downward based on her potential deportation. United States v. Soto, 918 F.2d 882, 885 (10th Cir. 1990); United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990). As to acceptance of responsibility, the 1992 amendment to § 3E1.1(b) of the Sentencing Guidelines cannot be retroactively applied. United States Sentencing Commission, Guidelines Manual, § 1B1.10(a), (d) (Nov. 1992).