35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
WOODROW WILSON McCOY, III, Defendant-Appellant.
 No. 93-3338.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 26, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant pled guilty to bank robbery, in violation of 18 U.S.C. 2113(a) and 2123(d)(2), and carrying a firearm in connection with a crime of violence, in violation of U.S.C. 924(c). He was sentenced to a term of fifty-one months for the bank robbery offense, and sixty months for the firearm offense. On appeal, he argues that the district court erred in refusing to grant his request for a downward departure based on his youth and the fact that most of the events in his criminal history occurred when he was a minor.
 
 
 3
 In denying Defendant's request for a downward departure, the district court did not state that it lacked the authority to depart downward from the sentencing guideline range, and, in fact, the court requested further rationale from Defendant's attorney supporting his oral request for such a departure. Instead of granting a downward departure, the district court imposed a sentence at the bottom of the guideline range specifically in consideration of Defendant's youth. Thus, it is clear that the district court believed it had the authority to consider Defendant's request, did in fact considered Defendant's request, and then denied it on the merits. Accordingly, this court has no jurisdiction to review the district court's failure to depart. See United States v. Soto, 918 F.2d 882, 883-84 (10th Cir.1990).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470