**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

KONGXAY SOUMPHONPHANKDY,

  Defendant-Appellant.

No. 96-2268
(D.C. No. CR-95-632-JP)
(D.C.N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **BRORBY,** Circuit Judges.

Kongxay Soumphonphankdy was convicted after a jury trial on one count of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, defendant contends (1) the trial court erred in denying his motion for acquittal based on entrapment per se; (2) there was insufficient evidence to support the jury's rejection of his entrapment defense;

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and (3) the trial court erred in failing to grant a downward departure under the Sentencing Guidelines. We affirm as to the first two issues and lack jurisdiction to review the third.

The facts are largely undisputed. A confidential informant working with the Albuquerque Police Department successfully contacted defendant and made arrangements for an undercover detective to purchase half a kilogram of cocaine from him for $12,000. Defendant met the informant and the detective at a local motel where defendant called his drug supplier and arranged to pick up the cocaine at a different location. The detective and informant followed defendant to the designated location. Defendant disappeared down an alley and returned with the cocaine. He told the detective that it needed to be weighed since it was more than half a kilogram, and that he had a triple beam scale at his home. Defendant was arrested when he handed the cocaine to the detective. A pager and $1400 were found on his person.

Defendant's case was transferred to the FBI, which offered to recruit him as a confidential informant to capture the supplier. Defendant refused and was subsequently tried in federal court on one count of possession with intent to distribute more than 500 grams of cocaine. At the close of the prosecution's case, the district court denied defendant's motion for acquittal under Fed. R. Crim. P. 29(a). The jury returned a verdict of guilty. At sentencing, the district court

characterized defendant's various objections to the presentence report as a motion for downward departure under U.S.S.G. § 5K2.0, and denied the motion.

Defendant contends the district court erred in denying his motion for acquittal on the ground that he was entrapped as a matter of law. He further contends that even if the denial was proper, there was insufficient evidence for the jury to reject his entrapment defense. We review a "denial of a motion for judgment of acquittal de novo, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the government." *United States v. Lampley,* No. 96-7074, 1997 WL 644459, at *9 (10th Cir. Oct. 20, 1997). We review the sufficiency of the evidence under the same standard. *Id.* at *6.

There are two elements of the entrapment defense: first, defendant must have been induced to commit the offense by government agents; second, defendant must not have been otherwise predisposed to do so when presented with the opportunity. *See United States v. Madrigal*, 43 F.3d 1367, 1369 (10th Cir. 1994). "Once a credible entrapment defense is raised, the prosecution has the burden of proving, beyond a reasonable doubt, that a defendant was not entrapped." *United States v. Young*, 954 F.2d 614, 616 (10th Cir. 1992). "Because the purpose of the defense is to protect an otherwise unpredisposed individual from government coercion, the defendant's predisposition to commit the offense is the central inquiry." *Madrigal*, 43 F.3d at 1369.

We may find entrapment as a matter of law "only if all the elements of entrapment are uncontradicted." *Young*, 954 F.2d at 616. Thus, any "conflicting evidence as to [defendant's] predisposition to commit the crime precludes" such a finding. *Madrigal*, 43 F.3d at 1369-70. Our review of the record persuades us that the evidence here was not merely conflicting, but rather the jury had ample evidence to conclude that defendant was predisposed to commit the charged offense. Defendant not only knew who to contact to get 500 grams of cocaine on short notice, but was also able to assure the confidential informant that he could provide it for $12,000 without first verifying the amount or price with his supplier. At trial, the undercover detective testified that before defendant retrieved the cocaine from his supplier, he demanded that the detective provide the money in advance. When the detective refused, defendant responded "I know this guy good and I deal more than that, bro." Rec., vol. III, at 28. When defendant returned with the cocaine, he told the detective that it was more than 500 grams and needed to be weighed, and that he had a triple beam scale at his home. Presumably the amount over 500 grams would be defendant's profit in the transaction. Moreover, at the time of arrest $1400 and a pager were found on his person. Finally, defendant testified that he knew who to contact to get a half kilo of cocaine; that he had contacted this supplier previously; and that he had obtained cocaine for the informant on prior occasions. The district court did not

err in denying defendant's motion for acquittal, and a reasonable jury could have found beyond a reasonable doubt that defendant was not entrapped. *See United States v. Hoenscheidt*, 7 F.3d 1528, 1531 (10th Cir. 1993).

Defendant also contends he qualifies for a downward departure because of (1) duress and coercion by government officials; and (2) the hardships he faced in Laos, his life as a refugee, and his illiteracy in English. Defendant bases our authority to review the district court's decision to deny a downward departure on 18 U.S.C. § 3742(a), arguing that the district court's denial is an incorrect application of the Guidelines. "However, it is settled law in this circuit that section 3742 does not grant appellate jurisdiction over a trial court's discretionary refusal to depart downward from the guidelines," *United States v. Soto*, 918 F.2d 882, 883 (10th Cir. 1990), so long as the court does not erroneously fail to exercise its discretion," *id*. at 884. Here the court clearly recognized its authority to depart downward and in its discretion chose not to do so. We therefore lack jurisdiction to review this decision.

We **AFFIRM** the judgment of the district court with regard to the entrapment issues, and **DISMISS** the sentencing issue for lack of jurisdiction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge