**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan GOMEZ–SOTELO, Defendant–
Appellant.**

No. 01–1098.

United States Court of Appeals,
Tenth Circuit.

Aug. 28, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Juan Gomez–Sotelo seeks to appeal from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for possessing methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Appellant claimed that he received ineffective assistance of counsel because counsel, knowing that his client was subject to deportation, failed to move for a downward departure based on Appellant's willingness to stipulate to voluntary deportation. The district court denied Appellant's § 2255 motion, as well as his application for a certificate of appealability.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

Appellant timely appealed the court's denial of his § 2255 motion and submitted his application for a certificate of appealability to this court.

In order for this court to grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Appellant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

The district court, in response to Appellant's § 2255 motion, held that it was "without authority to consider a downward departure" based on Appellant's possible deportation due to our decision in *United States v. Soto,* 918 F.2d 882 (10th Cir. 1990). In *Soto,* we held that "a sentencing court shall not consider the possible deportation of an alien resident for a drug conviction in deciding whether to depart downward from the sentencing guidelines." *Id.* at 885.

Defendant contends that this holding conflicts with the Supreme Court's rule enunciated in *United States v. Koon,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In *Koon,* the Supreme Court held that "[u]nless specifically prohibited by the Sentencing Guidelines, any factor may be considered as a potential basis for departure." *See United States v. Fagan,* 162 F.3d 1280, 1283 (10th Cir.1998) (citing *United States v. Koon,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)).

> [A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor. If the answer to the question is no—as it will be most of the time—the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline.
>
> . . . .
>
> [F]or the courts to conclude a factor must not be considered under any circumstances would be to transgress the policymaking authority vested in the Commission.

*Koon,* 518 U.S. at 106–107, 109, 116 S.Ct. 2035.

 In light of the Court's holding in *Koon,* we agree with Appellant that possible deportation cannot be *categorically* excluded as a departure factor. However, the principle enunciated in *Soto,* which protects the policymaking authority of the Attorney General, retains its validity. The *Soto* court held:

> Congress has authority to regulate the deportation of aliens, as it has done in 8 U.S.C. § 1251. Congress has delegated authority to make deportation decisions to the executive branch. The federal courts will not interfere with these decisions as long as due process requirements have been met. Further, Congress has specifically stated the courts shall not recommend to the Attorney General that an alien convicted of a controlled substance offense not be deported. A sentencing court's downward departure for the purpose of avoiding possible deportation under section 1251 would be merely another way a district court might achieve what Congress has explicitly prohibited. Because Congress clearly reserved drug-related deportation decisions to the Attorney General, *see id.* § 1251(a)-(b), a sentencing court

shall not consider the possible deportation of an alien resident for a drug conviction in deciding whether to depart downward from the sentencing guidelines.

*Soto,* 918 F.2d at 884–85 (citations omitted). Thus, under *Soto,* federal courts may not depart downward based on possible deportation because such departure interferes with the deportation decisions of the Attorney General.

As noted above, *Koon* prevents the *Soto* rule from remaining a categorical absolute; hence, courts are not forbidden from considering possible deportation as a basis for downward departure. However, possible deportation may not be accepted as such a basis unless sanctioned by the Attorney General in the specific case. This conclusion accords with other circuits that have addressed this issue. *See United States v. Marin–Castaneda,* 134 F.3d 551, 555–56 (3d. Cir.) (holding that "in light of the judiciary's limited power with regard to deportation, a district court cannot depart downward on this basis without a request from the United States Attorney"), *cert. denied,* 523 U.S. 1144, 118 S.Ct. 1855, 140 L.Ed.2d 1103 (1998); *United States v. Flores–Uribe,* 106 F.3d 1485 (9th Cir.1997) (affirming the district court's determination that it had no authority to depart downward absent a request from the United States Attorney); *but see United States v. Sera,* 256 F.3d 778, 2001 WL 766770 at *2 (8th Cir. July 10, 2001) (holding that the decision to depart based on waiving deportation is soundly within the district court's discretion); *United States v. Galvez–Falconi,* 174 F.3d 255, 256 (2d. Cir.1999) (holding that, "in exceptional circumstances, a district court has the authority under U.S.S.G. § 5K2.0 to grant a downward departure on the basis of a defendant's consent to deportation even in the absence of the government's consent to such a departure").

■ In this case, the district court could not have departed from the applicable sentence based on Appellant's willingness to consent to voluntary deportation absent the Attorney General's approval. There is no evidence in the record that the Attorney General either recommended or gave its consent to such a departure. Therefore, Appellant's counsel could not have brought such a motion with any effect. Because such a motion would have been considered meritless, the failure of Appellant's counsel to raise the issue did not constitute ineffective assistance. *See United States v. Dixon,* 1 F.3d 1080, 1084 n. 5 (10th Cir.1993).

Although this issue has been settled in this circuit and not overturned by the Supreme Court, the existence of a split among the circuits persuades us that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack,* 529 U.S. at 484, 120 S.Ct. 1595 (quotations omitted). Accordingly, we GRANT Appellant a certificate of appealability but AFFIRM the judgment of the district court for the reasons stated above.