**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAMON AGUILAR,

      Defendant-Appellant.

No. 03-6115
(D.C. Nos. 01-CV-338-M
&
98-CR-112-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **ANDERSON**, and **BRISCOE**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Ramon Aguilar, appearing pro se, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In 1998, petitioner was sentenced to 125 months'

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment, a special $100 assessment, and a four-year term of supervised release after pleading guilty to conspiracy to possess cocaine with intent to distribute. This court affirmed that sentence on appeal. *United States v. Aquilar*, No. 99-6004, 2000 WL 968662, at **1 (10th Cir. July 10, 2000).

In his § 2255 petition, petitioner alleged ineffective assistance of counsel based upon (1) failure to object to the denial of a sentence reduction for acceptance of responsibility; (2) failure to request a downward departure based on petitioner's deportable alien status; (3) failure to request a downward departure based on petitioner's cultural assimilation into the United States; and (4) cumulative ineffective assistance of counsel. The district court found all claims to be without merit and denied relief.

This court granted a certificate of appealability on two issues: (1) whether counsel's performance fell below an objective standard of reasonableness when he failed to request a downward departure based on petitioner's deportable alien status, and (2) whether the outcome of the proceedings would have been different but for counsel's failure to request a downward departure on that basis. In reviewing a denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998). Because we find no error in the determination of the district court, we affirm.

"Whether a defendant received effective assistance of counsel is a mixed question of law and fact that we review de novo." *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). To establish ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient, and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In denying petitioner relief under § 2255, the district court relied, *inter alia*, on *United States v. Gomez-Sotelo*, 18 Fed. Appx. 690 (10th Cir. Aug. 28, 2001), an unpublished decision of this court decided after petitioner had been sentenced. *Gomez-Sotelo* held that, while "courts are not forbidden from considering possible deportation as a basis for downward departure . . . possible deportation may not be accepted as such a basis unless sanctioned by the Attorney General in a specific case." *Id.* at 692. Because there was no evidence in the record of the Attorney General's position regarding petitioner's deportation, the district court held that petitioner's attorney would not have been justified in bringing a motion for downward departure based on petitioner's status as a deportable alien. Counsel, therefore, was not ineffective.

3

Petitioner was sentenced on December 3, 1998. In 1990, in *United States v. Soto*, 918 F.2d 882 (10th Cir. 1990), we held that a sentencing court could not consider a defendant's possible deportation as a basis for departing downward. "Because Congress clearly reserved drug-related deportation decisions to the Attorney General, a sentencing court shall not consider the possible deportation of an alien resident for a drug conviction in deciding whether to depart downward from the sentencing guidelines." *Id.* at 885 (citation omitted).

*Soto* was overruled in part by the Supreme Court decision in *Koon v. United States*, 518 U.S. 81, 109 (1996), *limited overruling on other grounds noted by United States v. Clough*, 360 F.3d 967, 970 n.1 (9th Cir. 2004). *Koon* addressed the circumstances under which special factors may warrant departure from the sentencing guidelines. After *Koon,* a sentencing court, unless specifically prohibited by the sentencing guidelines, may consider any factor as a potential basis for departure. *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998) (citing *Koon*, 518 U.S. at 109).

In *Gomez-Sotelo*, 18 Fed. Appx. at 692, we explained the effect of *Koon* on our prior ruling in *Soto*:

> *Koon* prevents the *Soto* rule from remaining a categorical absolute; hence, courts are not forbidden from considering possible deportation as a basis for downward departure. However, possible deportation may not be accepted as such a basis unless sanctioned by the Attorney General in the specific case.

4

To the extent petitioner is arguing application of *Gomez-Sotelo* to his case is an ex post facto violation, we reiterate our conclusion that the "principle enunciated in *Soto*, which protects the policymaking authority of the Attorney General, retains its validity." *Id.* Because *Gomez-Sotelo* reiterates the portion of the *Soto* holding requiring the Attorney General to determine deportation issues in the first instance, there is no impermissible judicial ex post facto problem. Petitioner has not been disadvantaged by the application of *Gomez-Sotelo* to his § 2255 petition.

Accordingly, because the sentencing court was prohibited from considering petitioner's alien status as grounds for a downward departure in the absence of the Attorney General first determining petitioner's alien status, his counsel was not ineffective for failing to urge downward departure on that basis. *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). Counsel's performance, therefore, did not fall below an objective standard of reasonableness, and the outcome of petitioner's sentencing proceeding would not have changed had counsel requested the downward departure.[1]

Petitioner also argues that the district court erred in ruling on his § 2255 motion without holding a hearing. The district court must hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case

---

[1] Petitioner's offhand reference in his brief to his alienage as another a basis for downward departure is insufficient to raise the issue on appeal. *See Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

5

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As the district court found, the law conclusively establishes that petitioner is not entitled to relief. The district court therefore did not err in failing to hold a hearing.

Petitioner's motion for a certificate of appealability on the issues of whether counsel was ineffective for failing to object to the denial of a sentence reduction for acceptance of responsibility and for failing to request a downward departure based on petitioner's cultural assimilation into the United States, as well as on the issue of cumulative ineffective assistance, is DENIED. His motion to proceed on appeal without prepayment of costs and fees is GRANTED. Petitioner is reminded that he is obligated to continue making partial payments until the entire fee has been paid. The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge