**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harold BEGAY, Defendant–Appellant.**

**No. 04–2012.**

United States Court of Appeals,
Tenth Circuit.

Dec. 8, 2004.

Avid N. Williams, Asst. U.S. Attorney, David C. Iglesias, U.S. Attorney, James Miles Hanisee, Office of the United States Attorney, District of New Mexico, Albuquerque, NM, for Plaintiff–Appellee.

Stephen P. McCue, Fed. Public Defender, John Van Butcher, Asst. F.P. Defender, Office of the Federal Public Defender, Albuquerque, NM, for Defendant–Appellant.

Before TACHA, Chief Circuit Judge, HOLLOWAY, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT*

TACHA, Chief Circuit Judge.

Defendant–Appellant Harold Begay pleaded guilty to second degree murder in Indian Country in violation of 18 U.S.C. §§ 1111 and 1153. Mr. Begay moved for a downward departure under U.S. Sentencing Guidelines Manual (2003) ("U.S.S.G.") § 5K2.10, which allows for a departure if the victim's conduct contributed to the crime. During his sentencing hearing, Mr. Begay objected to several portions of the presentence report ("PSR") unfavorable to his downward departure motion. The Dis-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

trict Court overruled most of these objections and subsequently refused to grant the departure. Mr. Begay appeals both of these rulings. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and AFFIRM.

## I. BACKGROUND

Mr. Begay shot and killed his friend Leotis Yazzie on June 14, 2003. After pleading guilty to second degree murder, Mr. Begay moved for a downward departure under U.S.S.G. § 5K2.10, which allows for a departure "[i]f the victim's wrongful conduct contributed significantly to provoking the offense behavior[.]" U.S.S.G. § 5K2.10. He contends that Mr. Yazzie was beating Mr. Yazzie's girlfriend, Tashina Uentillie, and that this beating provoked the shooting. As a corollary to his motion for downward departure, Mr. Begay filed a sentencing memorandum objecting to portions of the PSR indicating that Mr. Yazzie was not beating Ms. Uentillie when Mr. Begay shot him, that Ms. Uentillie was not a battered woman, that Mr. Begay threatened Ms. Uentillie after the shooting, and that Mr. Begay had a violent propensity.

At the sentencing hearing, the District Court allowed Mr. Begay to voice his objections to the PSR. During this time, he proffered evidence consisting solely of what his own testimony would be regarding the contested portions of the report. The court then heard Mr. Begay's argument that he should be granted a downward departure under U.S.S.G. § 5K2.10 based on Mr. Yazzie's misconduct. After allowing time for the government, the court largely overruled Mr. Begay's objections to the presentence report and denied his motion for a downward departure.

On appeal, Mr. Begay contends that the District Court erred in (1) failing to make findings concerning his objections to the PSR under Fed.R.Crim.P. 32(i)(3)(B), and (2) failing to analyze the factors relevant to a departure under U.S.S.G. § 5K2.10. We consider these issues below.

## II. DISCUSSION

A. *Compliance with Fed.R.Crim.P. 32(i)(3)(B)*

■ We review compliance with the Rules of Criminal Procedure de novo. *United States v. Kravchuk,* 335 F.3d 1147, 1160 (10th Cir.2003). Federal Rule of Criminal Procedure 32(i)(3)(B) requires that the sentencing court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Because the purpose of Rule 32 is "to ensure that sentencing is based on reliable facts found by the court itself after deliberation," *United States v. Nelson,* 356 F.3d 719, 722 (6th Cir.2004), a sentencing court does not satisfy its Rule 32 obligation by "simply adopting the presentence report as its finding," *United States v. Guzman,* 318 F.3d 1191, 1198 n. 9 (10th Cir.2003). Nonetheless, "[a] ruling on a disputed issue need not be exhaustively detailed, but it must be definite and clear." *United States v. Williams,* 374 F.3d 941, 947 (10th Cir.2004).

Rule 32(i)(3)(B) errors are most often found when the sentencing court merely states, without additional explanation, that it adopts the findings of the PSR. *See, e.g., United States v. Farnsworth,* 92 F.3d 1001, 1011 (10th Cir.1996); *United States v. Pedraza,* 27 F.3d 1515, 1531 (10th Cir.1994). Similarly, remand is also appropriate when a sentencing court fails to conduct a hearing on disputed facts in the PSR critical to a determination of the base offense level.

*See U.S. v. Williams,* 374 F.3d 941, 946–47 (10th Cir.2004). Nor is Rule 32 satisfied when the sentencing court "summarily overrule[s]" the defendant's objections, *see United States v. Jones,* 168 F.3d 1217, 1221 (10th Cir.1999), or effectively requires the defendant to disprove facts in the PSR relevant to a sentencing enhancement, *see United States v. Guzman,* 318 F.3d 1191, 1198 (10th Cir.2003).

Mr. Begay argues that the District Court simply adopted the PSR without making findings concerning his objections pursuant to Rule 32(i)(3)(B). The record, however, does not support his argument. At the beginning of the sentencing hearing, Mr. Begay asked the District Court if he could address his objections to the PSR. The court replied that it had "spent a considerable amount of time . . . reviewing [his] sentencing memorandum" and allowed Mr. Begay to argue each objection individually. During this time, Mr. Begay proffered evidence consisting solely of what his own testimony would be regarding the contested portions of the report. The sentencing hearing ultimately lasted almost two hours, in part because the District Court allowed both Mr. Begay and the Government time to address the substance of the PSR. At the conclusion of the Government's argument, the District Court stated:

> I want to go ahead and rule on the objections. . . .

> With respect to the objections to the presentence report, I think [the government's] description is accurate, that these things are not either biographies or autobiographies. Oftentimes, there is a lot of hearsay and unsubstantiated matter that comes in here, and again, certainly, the defendant's version of this incident, I think, is well covered and well documented in the presentence report as well as the—as the submissions by [the

defendant's attorney] both in writing and his very thorough oral presentation.

> I'm going to overrule the objections to the presentence report with the exception that I will sustain the objection to Paragraph 32 and have that material in Paragraph 32 stricken.

> Now, on the issues of departures, the defendant has made a request for downward departure under Section 5K2.10 of the guidelines for victim's conduct and Section 5K2.0 on the grounds that this case is atypical and is one that is out of the heartland of cases. I agree with the probation officer's analysis in Paragraphs 88 and 91 [that Mr. Yazzie was not beating Ms. Uentillie when Mr. Begay shot him] of the revised presentence report and will adopt those paragraphs as the findings of the Court.

> I will also find that the defendant has not alleged credible facts which support his claim that his case is not within the heartland of cases. . . .

> . . .

> Now, that will be my ruling.

Thus, the record shows that the District Court entertained a thorough hearing, after which it stated it intention to "rule on" the objections. Thereafter, the District Court expressly overruled most of Mr. Begay's objections for one specific reason: it found that the defendant's version of events was already adequately contained in the PSR.

The District Court did not merely adopt the PSR as its finding. Rather, the District Court allowed Mr. Begay considerable time to voice his objections before it determined it would "adopt" portions of the PSR. Moreover, the District Court had just finished explaining that it was overruling Mr. Begay's objections because the PSR already reflected his version of events; only then did it state it would "adopt" certain paragraphs of the PSR. As

noted, the purpose of Rule 32 is "to ensure that sentencing is based on reliable facts found by the court itself after deliberation," *Nelson,* 356 F.3d at 722; and, to this end, the District Court need not make elaborate rulings on disputed portions of the PSR but need only be "definite and clear." *Williams,* 374 F.3d at 947 n. 9. We conclude that the District Court properly discharged its duty under Rule 32(i)(3)(B) in this case.

Nonetheless, Mr. Begay argues that these facts are similar to those in *United States v. Guzman,* 318 F.3d 1191, 1198 (10th Cir.2003), in which we held that the district court had failed to comply with Rule 32. In that case, however, the district court shirked its Rule 32 obligations because, when it considered the government's request for a sentencing enhancement, it effectively required the defendant to disprove the facts contained in the PSR. *See Guzman,* 318 F.3d at 1198; *cf. United States v. Kirk,* 894 F.2d 1162, 1164 (10th Cir.1990) (holding that government has burden of proof as to guideline adjustments that increase a defendant's sentence). This is clearly not the issue before us. The District Court carefully considered Mr. Begay's objections to the PSR and his arguments with respect to his request for a downward departure. The District Court ultimately determined, however, that the PSR contained the most reliable version of events and thus overruled most of Mr. Begay's objections.

Mr. Begay argues in his reply brief that even if the District Court ruled on the disputes, it failed to reduce its findings to writing. *See* Fed.R.Crim.P. 32(i)(3)(C) (requiring the sentencing court to "append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons"). Because Mr. Begay did not raise this argument in his opening brief,

however, he has waived it on appeal. *United States v. Abdenbi,* 361 F.3d 1282, 1289 (10th Cir.2004).

### B. *Application of U.S.S.G. § 5K2.10*

■ Mr. Begay also contends that the District Court failed to analyze the factors under U.S.S.G. § 5K2.10 relevant to a downward departure based on victim misconduct. It is well-settled, however, that this Court does not have jurisdiction to review a district court's refusal to depart downward when it is aware of its discretion to depart but opts not to do so. *See United States v. Saffo,* 227 F.3d 1260, 1271 (10th Cir.2000); *United States v. Fortier,* 180 F.3d 1217, 1231 (10th Cir.1999) (listing cases). The same is true when the appellant characterizes a departure-related decision as an incorrect application of the sentencing guidelines in order to bypass this jurisdictional rule. *United States v. Soto,* 918 F.2d 882, 883 (10th Cir.1990).

The record clearly demonstrates that the District Court understood it had discretion to depart downward. The District Court conducted a lengthy sentencing hearing, during which both Mr. Begay and the government reminded it that it had the discretion to depart downward under U.S.S.G. § 5K2.10. After hearing arguments, the court stated that "I want to go ahead and rule on the ... departures" and concluded that "the defendant has not alleged credible facts which support his claim that this case is not within the heartland of cases" that would warrant a departure from the guidelines. The court clearly understood it had the discretion to depart but decided it was not appropriate in this particular case. We therefore dismiss this part of Mr. Begay's appeal for lack of jurisdiction.

### III. CONCLUSION

We hold that the District Court complied with Fed.R.Crim.P. 32(i)(3)(B). We

lack jurisdiction to review the District Court's application of U.S.S.G. § 5K2.10. Therefore, we AFFIRM the sentence imposed by the District Court.