**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORY LAMONT JOHNSON,

Defendant-Appellant.

No. 05-5147

(N.D. of Okla.)

(D.C. No. CR-04-40-CVE)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

---

Defendant-Appellant Gregory Lamont Johnson pleaded guilty to unlawful distribution of cocaine base and unlawful possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On August 17, 2005, Johnson received a sentence within the applicable advisory United States Sentencing

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Guidelines (USSG) range, which he now appeals. Taking jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM.

## I. Background

After Johnson pleaded guilty to the instant offenses, the government issued a pre-sentence investigation report (PSR). Applying the Guidelines that corresponded with each of his prior convictions, the PSR determined his criminal history points placed him in category VI. Calculating his base offense level at 18, pursuant to USSG §§ 2D1.1(a)(3) and (c)(11), the PSR then recommended a three-level reduction for acceptance of responsibility under USSG §§ 3E1.1(a) and (b), which reduced his total offense level to 15. At sentencing, the presiding judge reached the same conclusions with regard to Johnson's criminal history category and total offense level. The resulting advisory range was 41 to 51 months.

The PSR also included information about Johnson's alleged gang membership, stating he was a "certified gang member of the 54th Street Hoover Crips." PSR at 2, 11. Johnson objected to this portion of the PSR, and his concerns were reflected as "Objection No. 1" in the Addendum to the PSR. Specifically, Johnson argued (1) the government had not provided him information indicating his status as a gang member, and (2) gang membership was not relevant to his sentencing. The government responded by contacting the Tulsa Gang Task Force to confirm Johnson's gang membership and activity.

According to the Task Force, Johnson had been an active member since 1993 and his primary involvement related to drug sales. The government also responded that Johnson's tattoos of the word "Hoover" on his back and chest, along with the numbers "5" and "4" confirmed his gang membership. All of this information was included in the Addendum.

At sentencing, the court recounted the objections made by Johnson as well as the information provided by the government in response. After defense counsel confirmed his objections had been properly addressed, the court made its rulings and denied Objection No. 1. The court agreed with the probation officer that Johnson's gang membership was "significant" and appropriate for inclusion in the PSR because (1) "gang members are more likely to engage in criminal activity and perhaps related violence than ordinary citizens" and (2) "prison staff members will need to be aware of his gang membership to deal with separate issues in the prison setting." Sent. Tr. at 3–4.

The court then discussed the issue with the defendant, counseling him to dissociate himself from gang membership. Upon receiving his affirmative response, the court moved on to apply the factors contained in 18 U.S.C. § 3553(a) and found no reason to sentence Johnson outside the advisory Guidelines range. Johnson received 46 months for each count, to run concurrently. The court also imposed a supervised release period of three years for each count, to run concurrently. The court specifically emphasized the

applicability of § 3553(a)(1), the nature of the circumstances of the offense and history of the defendant, including his prior drug distribution and gang membership. The court placed equal emphasis on § 3553(a)(2), the need for the sentence to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment to afford adequate deterrence and protect the public, and to provide for the necessary training and treatment programs, including drug and alcohol counseling. In addition, the court noted the relevance of § 3553(a)(6), the need to avoid unwarranted sentence disparities among similarly situated defendants. With regard to the applicable fines, the court imposed a total fine of $2,000 for both counts, an amount below that recommended in the Guidelines range, based on Johnson's ability to pay.

Johnson argues his sentence was improper and appeals it to this court.

## II. Discussion

We review sentences imposed by the district court for reasonableness. *United States v. Booker*, 543 U.S. 220, 260–65 (2005). A sentence that falls within the properly calculated Guidelines range is presumed reasonable; however, either party may rebut this presumption by demonstrating the sentence is unreasonable when viewed in light of other factors included in 18 U.S.C. § 3553(a). *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). In this case, Johnson does not contest the accuracy of the initial Guidelines calculation. Nor does he attempt to rebut the presumption of reasonableness of

his sentence, which fell within the recommended Guidelines range, by pointing to any factor under § 3553(a) that would change the analysis.

Instead, Johnson challenges the adequacy of the court's findings with regard to his gang membership. Where a portion of the PSR relevant to sentencing is disputed, Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure (formerly Rule 32(c)(1)) requires the court to make a finding on the issue. To invoke the court's fact-finding duty, "Rule 32 requires the defendant to affirmatively point out any *fact* in the PSR that he contends is inaccurate." *United States v. Harris*, No. 04-1536, 2006 WL 1314654, at \*5 (10th Cir. May 15, 2006) (holding *Booker* has not relieved a defendant of this obligation to raise factual inaccuracies). Johnson did not specifically contest the fact of his gang membership. However, assuming *arguendo* that Johnson sufficiently challenged that portion of the PSR, the court must specifically address the matter. We review compliance with the Rules of Criminal Procedure *de novo*. *United States v. Kravchuk*, 335 F.3d 1147, 1160 (10th Cir. 2003).

Rule 32(i)(3)(B) errors generally arise in two circumstances: (1) where the court improperly shifts the burden, effectively requiring the defendant to disprove facts in the PSR relevant to a sentence enhancement, *see United States v. Guzman*, 318 F.3d 1191, 1198 (10th Cir. 2003), *citing United States v. Kirk*, 849 F.3d 1191, 1164 (10th Cir. 2003) ("The government shall bear the burden of proof for sentence increases and the defendant shall bear the burden of proof for

-5-

sentence decreases."); or (2) where the sentencing court merely states, without any additional explanation, that it adopts the findings of the PSR, *see, e.g., United States v. Farnsworth*, 92 F.3d 1001, 1011 (10th Cir. 1996).

Neither of these situations occurred here. First, it is evident that Johnson's gang membership did not implicate a sentencing enhancement contained in the Guidelines. Indeed, it was irrelevant to the calculation of the recommended range, which was undisputed by Johnson. To the extent this factor affected the court's subsequent analysis under § 3553(a), we cannot say the court improperly shifted the burden of proof to Johnson. To the contrary, in response to Johnson's objection, the government came forward with evidence from the Tulsa Gang Task Force of Johnson's membership and involvement in the 54th Street Hoover Crips. Johnson did not challenge this evidence, so the court ruled in favor of the government.

Second, as we have previously noted, the district court is not required to make elaborate rulings on disputed portions of the PSR but need only be "definite and clear" in its ruling. *United States v. Williams*, 374 F.3d 941, 947 & n.9 (10th Cir. 2004). Here, the court (1) considered the defendant's objection and the government's response, (2) allowed the defendant time to respond, (3) made a specific ruling on the issue, and (4) explained the reasons for that ruling. These steps are sufficient for compliance with Rule 32. *Compare United States v. Begay*, 117 F.App'x 682, *1–2 (10th Cir. 2004).

### III. Conclusion

For the foregoing reasons, we AFFIRM the sentence below.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge